**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACEY D. CASE, | No. 10-35307 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00083-JPH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Argued and Submitted March 9, 2011
Seattle, Washington

Before: McKEOWN, FISHER and GOULD, Circuit Judges.

Stacey Case appeals the district court's judgment affirming the

Administrative Law Judge's (ALJ) determination that Case was not disabled.  Case

argues that the ALJ's decision should be reversed because it did not contain the

requisite "specific, legitimate reasons" for rejecting her treating rheumatologist's

opinions about her residual functional capacity (RFC).  *Morgan v. Comm'r of Soc.*

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (internal quotation marks and citation omitted). Although the ALJ properly "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence," *id.* (internal quotation marks and citation omitted), we conclude that several of the ALJ's reasons for discounting the treating physician's RFC were improper.

The ALJ erred by discounting the treating physician's RFC because it was completed "for obvious litigious purposes." "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them" unless there is additional evidence demonstrating impropriety, and the ALJ identified no such evidence. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Although this error, standing alone, might not have required reversal, the ALJ also erred by assuming that Case's shoulder impairment should be disregarded because it was only recently diagnosed. The ALJ must consider impairments even if they were diagnosed after the alleged date of disability onset. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that the ALJ erred by rejecting limitations because they were based on a "recent" diagnosis of a "non-severe" impairment).

The ALJ also noted that Case's shoulder injury was treated conservatively. Although we have held that conservative treatment of allegedly disabling

2

conditions may undermine a finding of disability, *see Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)*,* it is unclear whether or to what extent this factored into the ALJ's decision.

In any event, even if the conservative treatment of the shoulder impairment suggests that this particular injury is not severe, "[t]he ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe," because in combination with other impairments, non-severe limitations may contribute to rendering a claimant disabled. *Carmickle*, 533 F.3d at 1164. Notably, in the first and second hypothetical RFCs that the ALJ asked the vocational expert (VE) to consider, the ALJ included no limitations on the ability to push and pull with the upper extremities, and the VE testified that jobs would be available. By contrast, the VE testified that there would be no work available under the third hypothetical, where the ALJ had introduced additional impairments, including limitations to the upper extremities consistent with Dr. Butler's opinions about Case's shoulder impairment. Although this conclusion may have been due to limitations other than the shoulder impairment, because it is unclear on appeal which limitations made the difference, we cannot conclude the error was harmless.

**REVERSED and REMANDED.**